JOHN K. HARMINA, complainant-respondent,

*v.*

JOSEPH SHAY, defendant-appellant.

[Submitted October term, 1926. Dismissed May 16th, 1927.]

1. Parties may, by express agreement or stipulation before trial, or judgment, waive their right to appeal, and such agreement or stipulation will be enforced by dismissal of the appeal taken out in violation thereof, or by refusing to pass upon questions covered by the waiver.

2. The intention and agreement to waive the right of appeal must be clear and there must be sufficient consideration.

3. Such agreements are upheld on the ground of public policy in encouraging litigants to accept, as final, decisions of courts of original jurisdiction.

---

On appeal from a decree of the court of chancery advised by Vice-Chancellor Berry.

*Messrs. Stamler, Stamler & Koestler,* for the appellant.

*Mr. Harry R. Cooper,* for the respondent.

The opinion of the court was delivered by

CAMPBELL, J.

This action was upon a bill of complaint by the seller to compel specific performance, by the purchaser, of a contract for the sale of certain lands at Belmar, in Monmouth county, bearing date August 24th, 1925.

At the outset our consideration of the facts in the cause is arrested by the fact that the matter was submitted to the court below upon a stipulation of facts in which the introductory paragraph is as follows:

"It is hereby stipulated by and between the parties hereto that the following are the facts in this case and that the conclusions of the court on the same shall be final."

The respondent urges, and we think upon sound principles, that the appellant may not have a review of the judgment below, because he has waived that right and bound himself to abide by the decree below.

The rule is that such agreements are valid. In some jurisdictions such agreements will not prevent appeal upon the theory that the jurisdiction of the appellate court depends upon the law and not upon the agreement of the parties.

The general rule, however, is that a party may, by express agreement or stipulation before trial, or judgment, waive his right to appeal, and such agreements or stipulations will be enforced by dismissal of the appeal taken out in violation thereof, or by refusing to pass upon questions covered by the waiver. The intention and agreement to waive the right of appeal must be clear and there must be a sufficient consideration. Such agreements are upheld upon the ground of public policy in encouraging litigants to accept as final decisions of courts of original jurisdiction. *3 Corp. Jur. 661* § *533.*

In the cause before us there can be no doubt of the intention, and as the promise or agreement was mutual there was sufficient consideration. *U. & G. Rubber Co.* v. *Conard, 80 N. J. Law 286.*

The appeal is therefore dismissed.