198 N.J. Super. 9 (1984)
486 A.2d 339
NEW JERSEY MANUFACTURERS INSURANCE COMPANY, RESPONDENT,
v.
TRAVELERS INSURANCE COMPANY, APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued November 27, 1984.
Decided December 12, 1984.
*10 Before Judges ANTELL and SIMPSON.
William J. O'Day argued the cause for appellant (Haskins, Hack, Piro & O'Day, attorneys; William J. O'Day on the letter brief).
Kathleen S. Murphy argued the cause for respondent (Connell, Foley & Geiser, attorneys; Kathleen S. Murphy, of counsel and on the brief).
The opinion of the court was delivered by SIMPSON, J.A.D.
Travelers Insurance Company (Travelers) appeals from orders in the Law Division vacating a determination by arbitrators that New Jersey Manufacturers Insurance Company (NJM) *11 pay 100% of personal injury protection (PIP) benefits of Bernard Czech and that Travelers and NJM each pay 50% thereof.
The facts are undisputed. Czech was injured in a one-vehicle accident while driving a 1982 Saab owned by Sound Move, Inc. Travelers' policy covered Czech as an additional insured and made the PIP payments. Czech lived with his stepfather, Nicholas Mallas, who had an automobile insurance policy issued by NJM. As a resident of the Mallas household, Czech was also eligible for PIP benefits under the NJM policy. Travelers claimed NJM was responsible for 100% of the PIP payments and pursuant to N.J.S.A. 39:6A-11 the issue was submitted to inter-company arbitration. The three arbitrators noted that the "controversy involves primary and secondary no fault benefits" and found NJM responsible for all PIP payments. The trial judge vacated the award, relying upon Federal Ins. Co. v. Liberty Mutual Ins. Co., 190 N.J. Super. 605 (App.Div. 1983) and Selected Risks Ins. Co. v. Allstate Ins. Co., 179 N.J. Super. 444 (App.Div. 1981), certif. den., 88 N.J. 489 (1981). Travelers' claim, basically, is that the NJM policy provides primary coverage and its own policy only secondary coverage. The rationale of the cited cases is that the legislature made no such coverage distinction and that the statute requires the 50-50 sharing of the PIP payments. The statute provides:
If two or more insurers are liable to pay benefits under sections 4 and 10 of this act for the same bodily injury, or death, of any one person, the maximum amount payable shall be as specified in sections 4 and 10 if additional first party coverage applies and any insurer paying the benefits shall be entitled to recover from each of the other insurers, only by inter-company arbitration or inter-company agreement, an equitable pro-rata share of the benefits paid.
N.J.S.A. 39:6A-11 (footnote omitted).
Travelers' attempt to distinguish the present case from the situations in Federal and Selected Risks is not persuasive, and if the case had been properly in the Law Division we would affirm the trial court's orders. The statute, however, provides for recovery "only by inter-company arbitration or inter-company *12 agreement." Articles Fourth and Seventh of the special arbitration agreement involved in this case contain the following significant provisions:
1. [From Article Fourth]: The decision of the majority of the arbitrators is final and binding without right of rehearing or appeal
........
2. [From Article Seventh]: The decision of the arbitrators shall be based on law and equitable considerations consistent with accepted claim practices.
Neither the statute nor the two cited cases speak to situations where the inter-company arbitration agreement specifically waives the right to appeal from the arbitration decision. In Federal, the court noted it did not pass on the issues of "improper forum" and "contribution only by inter-company arbitration or agreement." 190 N.J. Super. at 615. In State v. Gibson, 68 N.J. 499 (1975), our Supreme Court held as a matter of judicial policy that "a defendant will be permitted to bring a timely appeal from a conviction notwithstanding his agreement by plea bargain not to appeal ..." 68 N.J. at 501 (emphasis removed).
The court implied, however, that waivers of the right to appeal in civil cases would be valid:
We do not share the view that there is an affirmative public policy to be served in fostering appeals, whether civil or criminal, such that the waiver of an appeal by a defendant is per se against the public interest. It has been said, to the contrary, that "[t]he settlement of litigation ranks high in our public policy." Jannarone v. W.T. Co., 65 N.J. Super. 472, 476 (App.Div.), certif. den. 35 N.J. 61 (1961). That view properly applies to criminal as well as civil litigation, particularly in this era of proliferation of criminal appeals, provided always the administration of such a settlement is fair, free from oppressiveness, and sensitive to the interests of both the accused and the State.
Id. at 511.
More directly in point, in a civil case context, is Harmina v. Shay, 101 N.J. Eq. 273 (E. & A. 1927), upholding a stipulation that a trial court's determination would be final, and stating:
The rule is that such agreements are valid. In some jurisdictions such agreements will not prevent appeal upon the theory that the jurisdiction of the appellate court depends upon the law and not upon the agreement of the parties.

*13 The general rule, however, is that a party may, by express agreement or stipulation before trial, or judgment, waive his right to appeal, and such agreements or stipulations will be enforced by dismissal of the appeal taken out in violation thereof, or by refusing to pass upon questions covered by the waiver. The intention and agreement to waive the right of appeal must be clear and there must be a sufficient consideration. Such agreements are upheld upon the ground of public policy in encouraging litigants to accept as final decisions of courts of original jurisdiction.
101 N.J. Eq. at 274.
Our strong public policy favoring final and binding arbitration as an alternative dispute resolution modality has been noted by our Supreme Court in a number of recent cases. Faherty v. Faherty, 97 N.J. 99 (1984); Levine v. Wiss & Co., 97 N.J. 242 (1984) (O'Hern, J., dissenting); Barcon Assoc. v. TriCounty Asphalt Corp., 86 N.J. 179 (1981) (Clifford, J., dissenting). In the light of the foregoing, we hold that the waiver of appeal provision in the inter-company arbitration agreement authorized by N.J.S.A. 39:6A-11 is valid. We are not unmindful of NJM's reliance upon N.J.S.A. 2A:24-8a., providing for vacation of an arbitrator's award procured by "corruption, fraud or undue means" and cases construing "undue means" to include a clearly mistaken view of fact or law. Local Union 560 v. Eazor Express, Inc., 95 N.J. Super. 219, 227-228 (App. Div. 1967). We have found no cases, though, involving a clear waiver of appeal provision, and we believe that such a provision should supersede what might arguably be an error of law. Furthermore, Article Seventh of the inter-company arbitration agreement does not purport to bind arbitrators by judicial decisions as in Federal and Selected Risks. The words "consistent with accepted claim practices" follow the reference to "law and equitable considerations", thus broadening the base upon which the arbitrators may act. Here the arbitrators may well have recognized accepted claim practices to avoid a cumbersome and uneconomic shifting of dollars from one insurance company to another, as in the case of subrogation. Federal, supra, 190 N.J. Super. at 612. See also Collingswood Hosiery *14 Mills v. American Fed. of Hosiery Workers, 31 N.J. Super. 466 (App.Div. 1954).
Reversed and remanded for entry of an order reinstating the arbitrators' award.