NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R. 1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-2477-15T2

BOUND BROOK FAMILY
CHIROPRACTIC a/s/o
ENSHI SHEN,

 Plaintiff-Respondent,

v.

AMERIPRISE AUTO & HOME
INSURANCE,

 Defendant-Appellant.
_____________________________

 Argued October 30, 2017 – Decided November 17, 2017

 Before Judges Whipple and Rose.

 On appeal from Superior Court of New Jersey,
 Law Division, Passaic County, Docket No.
 L-3596-15.

 Charles Rabolli, Jr., argued the cause for
 appellant (Messineo, Messineo & Messineo, LLC,
 attorneys; Mr. Rabolli and Tariq J. Messineo,
 on the briefs).

 Joseph A. Massood argued the cause for
 respondent (Massood & Bronsnick, LLC,
 attorneys; Tara M. McCluskey, on the brief).

PER CURIAM
 Defendant Ameriprise Auto & Home (Ameriprise) appeals from a

January 15, 2016 order vacating an arbitration award. We dismiss

this appeal for a lack of jurisdiction.

 We discern the following facts from the record. On May 8,

2011, Enshi Shen suffered injuries from a motor vehicle accident.

To treat her injuries, Shen underwent a course of chiropractic and

acupuncture treatment with plaintiff Bound Brook Family

Chiropractic (Bound Brook).

 At the time of the accident, Shen had a health insurance

policy with United Healthcare Insurance (United) and an automobile

insurance policy with Ameriprise. Pursuant to the automobile

insurance policy, Shen elected United as her primary healthcare

provider and Ameriprise as her secondary healthcare provider in

the form of a personal injury protection (PIP) benefit.

 Bound Brook initially submitted healthcare insurance claims

to United for services provided to Shen. When United did not

render full payment, Bound Brook submitted claims for the unpaid

services to Ameriprise as a secondary insurer. Ameriprise,

however, refused to render payment, requiring submission of

explanation of benefits from United before it would pay.

 On August 15, 2014, Bound Brook filed a demand for

arbitration, claiming Ameriprise owed it a balance of $9,229.40.

 2 A-2477-15T2
On August 24, 2015, the arbitrator denied Brook Bound's claim and

entered an award in Ameriprise's favor.

 On October 19, 2015, Bound Brook filed an order to show cause

with a verified complaint in Superior Court, asserting the

arbitrator erroneously applied the law to the facts under N.J.S.A.

2A:23A-13(c)(5). After oral arguments, the trial judge vacated

the arbitration award and found Ameriprise was obligated to pay

Bound Brook for the services provided to Shen, as well as interest,

attorney's fees, and costs. This appeal followed.

 On appeal, Ameriprise argues, among other things, the trial

court exceeded its jurisdictional bounds when it vacated the

arbitration award and that this court should exercise its

supervisory function in reversing the trial court's decision.

Because appellate review is statutorily prohibited with only

narrow exceptions, we dismiss this appeal.

 Under the New Jersey Automobile Reparation Reform Act,

N.J.S.A. 39:6A-1 to -35, disputes regarding PIP benefits may be

submitted to alternative dispute resolution. See N.J.S.A. 39:6A-

5.1. The final determination of the arbitrator is binding on the

parties, but is subject to "vacation, modification or correction

by the Superior Court in an action filed pursuant to N.J.S.A.

2A:23A-13 for review of the award." N.J.A.C. 11:3-5.6(g).

 3 A-2477-15T2
 Under N.J.S.A. 2A:23A-13(c), the trial court vacated the

arbitration award and ordered Ameriprise to render payment to

Bound Brook.

 Any further appellate review is statutorily barred with only

narrow exceptions.

 Upon the granting of an order confirming,
 modifying or correcting an award, a judgment
 or decree shall be entered by the court in
 conformity therewith and be enforced as any
 other judgment or decree. There shall be no
 further appeal or review of the judgment or
 decree.

 [N.J.S.A. 2A:23A-18(b).]

Despite this proscription, our Supreme Court has stated, "there

may be other limited circumstances where public policy would

require appellate court review." Mt. Hope Dev. Assocs. v. Mt.

Hope Waterpower Project, L.P., 154 N.J. 141, 148 (1998). No such

circumstances are presented here.

 Because we lack jurisdiction, we do not address the merits

of the underlying arguments or the motion judge's decision.

Moreover, this decision "is confined to the special jurisdictional

context before us, and should not invite routine requests for

appellate review in other PIP arbitration cases." Kimba Med.

Supply v. Allstate Ins. Co., 431 N.J. Super. 463, 483 (App. Div.

2013).

 Dismissed.

 4 A-2477-15T2