**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2723-18T2

CITIZENS UNITED
RECIPROCAL EXCHANGE,

     Plaintiff-Appellant,

v.

AHS HOSPITAL CORP./
MORRISTOWN MEDICAL
CENTER, a/s/o T.S.,

     Defendant-Respondent.

_____

Argued November 14, 2019 – Decided December 17, 2019

Before Judges Whipple, Gooden Brown, and Mawla.

On appeal from the Superior Court of New Jersey, Law Division, Morris County, Docket No. L-2312-18.

Damian Scialabba argued the cause for appellant (Eric S. Poe, attorney; Eric S. Poe, of counsel and on the briefs; Abbey True Harris, on the briefs).

John T. Grogan, Jr. argued the cause for respondent (The Grogan Law Group, LLC, attorneys; John T. Grogan, Jr., of counsel; Richard William Carlson, on the brief).

PER CURIAM

Plaintiff Citizens United Reciprocal Exchange (CURE) appeals from a January 22, 2019 order denying its order to show cause which sought to vacate an arbitration award in favor of defendant AHS Hospital Corp./Morristown Medical Center (AHS). We dismiss.

In May 2014, T.S. was injured in an automobile accident which resulted in him seeking medical treatment at AHS. T.S. was insured by CURE and had personal injury protection coverage. AHS billed CURE over $20,000 for the services provided to T.S., but CURE paid less than $3000. AHS filed a demand for arbitration under the Alternative Procedure for Dispute Resolution Act (APDRA), N.J.S.A. 2A:23-1 to -19, for the remaining balance. In July 2018, the arbitrator issued an award in favor of AHS for the remaining balance. The arbitrator disqualified CURE's expert and rejected the expert's findings because she determined the methodology used was unreliable and flawed based on our unpublished decision in Surgicare of Englewood Cliffs v. Allstate Ins. Co., No. A-0948-09 (App. Div. May 25, 2010) (slip op. 1–3). Ultimately, the arbitrator found AHS's charges were usual, customary, and reasonable, and CURE failed to provide competent evidence to contradict AHS.

On November 26, 2018, CURE filed an order to show cause in the Law Division seeking to vacate the arbitrator's award. CURE argued the arbitrator erred because the services provided by AHS were subject to the analysis provided in N.J.A.C. 11:3-29.4(e), and the arbitrator did not properly apply the regulation. The trial court denied CURE's order to show cause because the arbitrator "disqualified CURE's auditor" and, "[w]ithout the audit, the arbitrator found that CURE offered no competent contradictory evidence."

The trial court also found AHS's evidence sufficient to satisfy its burden under N.J.A.C. 11:3-29(e)(1). The court ruled the certification from the billing representative, the bills presented to other insurers, and the copies of checks paid by the insurers were enough to satisfy the burden. The court concluded the arbitrator acted according to the requirements of N.J.A.C. 11:3-29.4(e). CURE timely appealed.

Our review of an arbitration award is limited. Mt. Hope Dev. Assoc. v. Mt. Hope Waterpower Project, L.P., 154 N.J. 141, 152 (1998). "Generally, the fact-findings of a trial court sitting without a jury should be affirmed if supported by sufficient credible evidence in the record." Cobo by Hudson Physical Therapy Servs. v. Mkt. Transition Facility by Material Damage Adjustment Corp., 293 N.J. Super. 374, 383 (App. Div. 1996). Under N.J.S.A.

2A:23A-18(b), after an arbitration award is confirmed, modified, or corrected, "[t]here shall be no further appeal or review of the judgment or decree." However, there are exceptions when it is "necessary for [the court] to carry out 'its supervisory function over the [trial] courts.'" Morel v. State Farm Ins. Co., 396 N.J. Super. 472, 475–76 (App. Div. 2010) (quoting Mt. Hope Dev. Assoc., 154 N.J. at 152). "Supervisory function" permits a reviewing court to exercise appellate jurisdiction when a trial court has exceeded its jurisdiction under the APDRA. See Morel, 396 N.J. Super. at 476. It also allows appellate review "where public policy would require" it. Mt. Hope Dev. Assoc., 154 N.J. at 152. Based on our review of the record, CURE does not satisfy the high standard for appellate review of an arbitration award under the APDRA.

Here, the trial court did not exceed its jurisdiction, addressed the issues, and did not "commit any glaring errors that would frustrate the Legislature's purpose in enacting the APDRA." Riverside Chiropractic Grp. v. Mercury Ins. Co., 404 N.J. Super. 228, 240 (App. Div. 2008); see also Fort Lee Surgery Ctr., Inc. v. Proformance Ins. Co., 412 N.J. Super. 99, 103–04 (App. Div. 2010) (dismissing appeal where the trial judge "navigated within APDRA's parameters . . . ."). Moreover, this matter does not involve public policy issues requiring our review.

A-2723-18T2

Dismissed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-2723-18T2