**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1380-23

MICHAEL GALATI,

    Plaintiff-Appellant,

v.

USAA INSURANCE COMPANY,

    Defendant-Respondent.

_____

Argued October 8, 2024 – Decided January 29, 2025

Before Judges Bishop-Thompson and Augostini.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Docket No. L-6293-22.

Daniel O. Sloan (Law Office of Daniel O. Sloan, LLC) argued the cause for appellant.

Walter F. Kawalec, III argued the cause for respondent (Marshall Dennehey, attorneys; Walter F. Kawalec, III and Rachael S. von Rhine, on the brief).

PER CURIAM

Plaintiff Michael Galati appeals from two Law Division orders entered on December 8, 2023: the order denying his motion for summary judgment and the order granting summary judgment in favor of defendant USAA Insurance Company. We affirm.

I.

Viewed in the light most favorable to plaintiff, Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, 224 N.J. 189, 199 (2016), we glean the relevant facts from the motion record. Plaintiff was involved in an automobile accident on September 17, 2019, resulting in injuries. At that time, plaintiff maintained an auto insurance policy with defendant that provided for Personal Injury Protection (PIP) benefits. Plaintiff received medical treatment from September 17, 2019, through December 7, 2020, and defendant made PIP payments pursuant to the policy. However, some of plaintiff's medical bills were submitted to his insurance carrier United Healthcare, who also made payments on those bills related to the accident. Defendant then subsequently asserted a lien against plaintiff for $16,206.37.

In October 2021, plaintiff filed a demand for arbitration with Forthright, New Jersey's administrator for PIP claims, pursuant to the New Jersey Automobile Insurance Cost Reduction Act, N.J.S.A. 39:6A-1.1 to -35. Plaintiff

A-1380-23

sought reimbursement for the lien amount. Thereafter, in February 2022, plaintiff amended his claim to include specific line-item medical bills that comprised the lien.

The arbitration was held before a Dispute Resolution Professional (DRP). On May 16, 2022, the DRP issued an opinion and award based on the evidence submitted and the parties' arguments. The DRP awarded $232.82 for plaintiff's medical expenses—three dates of service (DOS) for treatment by Dr. Gregory Gallick, together with counsel fees and costs of $1,225. The DRP's calculations were based on one CPT code[1] for each treatment and amounts for reimbursement.

The DRP determined plaintiff provided insufficient documentation for four treatment dates with Dr. Gallick and one DOS with The Center for Ambulatory Surgery. Several DOS for those providers showed a single lump sum was paid for several CPT codes, with no delineation as to how much was paid on each code. The DRP explained for "[a]ny dates of service where there

---

[1] The American Medical Association promulgates CPT codes for every procedure reimbursable by medical insurance providers. CPT is an abbreviation for Current Procedural Terminology. See CPT Codes, Then and Now, Am. Med. Ass'n (Aug. 4, 2015), https://www.ama-assn.org/practice-management/cpt/cpt-codes-then-and-now.

were multiple codes billed, [plaintiff] [had] not provided sufficient documentation for reimbursement, and this DRP is unable to substantiate any amount to be awarded without documentation of the specific codes and amounts previously paid." Defendant paid the award.

Plaintiff's request for modification and clarification of the award was denied. Plaintiff's administrative appeal with Forthright was likewise denied because "there was substantial evidence and legal precedent supporting the DRP's opinion on the issues in dispute."

Plaintiff filed a summary complaint with the Law Division seeking full reimbursement for the lien. Thereafter, both parties cross-moved for summary judgment. Following oral argument, the trial court denied plaintiff's motion for summary judgment and granted summary judgment in favor of defendant, confirming the arbitration award. In rendering an oral opinion on December 8, 2023, the trial court found there was "no basis to disturb the arbitration award." The court reasoned that the DRP did not fail to take into consideration the "appropriate factors that [had] to be taken into consideration." The court further reasoned evidence was not presented by plaintiff and the DRP could not consider what was not presented.

A-1380-23

On appeal, plaintiff argues the DRP's award constitutes a prejudicial error and imperfect execution of a final and definite award. He further argues the medical necessary and causally related medical expense benefits warrant payment under the PIP fee schedule. We reject plaintiff's arguments.

## II.

We review a grant of summary judgment de novo, applying the same standard as the trial court. Samolyk v. Berthe, 251 N.J. 73, 78 (2022). That standard requires us to "determine whether 'the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law.'" Branch v. Cream-O-Land Dairy, 244 N.J. 567, 582 (2021) (quoting R. 4:46-2(c)). "Summary judgment should be granted . . . 'against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" Friedman v. Martinez, 242 N.J. 449, 472 (2020) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)). We do not defer to the trial court's legal analysis or statutory interpretation. RSI Bank v. Providence Mut. Fire Ins. Co., 234 N.J. 459, 472 (2018); Perez v. Zagami, LLC, 218 N.J. 202, 209 (2014).

A-1380-23

A PIP arbitration brought pursuant to the Alternate Procedure for Dispute Resolution Act (APDRA), N.J.S.A. 2A:23A-1 to -30, is binding subject to "vacation, modification[,] or correction" by the Superior Court in limited instances. N.J.S.A. 2A:23A-13(a).

N.J.S.A. 2A:23A-18(b) clearly states that once the trial court confirms, modifies, or corrects an award, "[t]here shall be no further appeal or review of the judgment or decree." See also Mt. Hope Dev. Assocs. v. Mt. Hope Waterpower Project, L.P., 154 N.J. 141, 148-52 (1998) (The Court ruled that "the language of [the] APDRA unmistakably informs parties that by utilizing its procedures they are waiving [their] right" to appeal beyond the trial court, and that such a waiver generally must be enforced.). Thus, "'when the trial judge adheres to the statutory grounds in reversing, modifying[,] or correcting an arbitration award, we have no jurisdiction to tamper with the judge's decision or do anything other than recognize that the judge has acted within his jurisdiction.'" Monmouth Med. Ctr. v. State Farm Indem. Co., 460 N.J. Super. 582, 590 (App. Div. 2019) (alteration in original) (quoting N.J. Citizens Underwriting Reciprocal Exch. v. Kieran Collins, D.C., L.L.C., 399 N.J. Super. 40, 48 (App. Div. 2008)).

A-1380-23

Applying the above principles, we enforce the waiver of plaintiff's right to appeal. The trial court confirmed the arbitration award after giving full deference to the DRP's consideration of the record. Based on the record, it is not "necessary for [us] to carry out [our] supervisory function over the [trial] courts." Morel v. State Farm Ins. Co., 396 N.J. Super. 472, 475-76 (App. Div. 2010) (quoting Mt. Hope Dev. Assocs., 154 N.J. at 152). Pursuant to the statute, plaintiff has no right of a further appeal of the arbitration award. We, therefore, lack jurisdiction and have no cause to "tamper with" the trial court's ruling. N.J. Citizens Underwriting Reciprocal Exch., 399 N.J. Super. at 48.

Dismissed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

7

A-1380-23