NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A-0945-14T2

CITIZENS UNITED RECIPROCAL EXCHANGE,

    Plaintiff-Appellant,

v.

NORTHERN NJ ORTHOPEDIC SPECIALISTS,

    Defendant-Respondent.
_____

> **APPROVED FOR PUBLICATION**
>
> **May 6, 2016**
>
> **APPELLATE DIVISION**

    Argued December 8, 2015 — Decided May 6, 2016

    Before Judges Hoffman, Leone and Whipple.[1]

    On appeal from the Superior Court of New Jersey, Law Division, Passaic County, Docket No. L-2901-14.

    Sonya Lopez-Bright argued the cause for appellant (Bright & Sponder, attorneys; Evan D. Haggerty, of counsel and on the briefs).

    Kimberly A. Kopp argued the cause for respondent (Massood & Bronsnick, LLC, attorneys; Michael T. Madaio, of counsel and on the brief).

The opinion of the court was delivered by

LEONE, J.A.D.

    Plaintiff Citizens United Reciprocal Exchange (CURE) appeals from the Law Division's September 11, 2014 order,

_____

[1] Judge Whipple did not participate in oral argument.  She joins the opinion with counsel's consent.  R. 2:13-2(b).

dismissing as untimely CURE's summary action challenging a personal injury protection (PIP) arbitration award. We hold that if a party files an application to modify under N.J.S.A. 2A:23A-12(d), or an application to modify or clarify under the rules of the PIP dispute resolution organization, a party must file any summary action "within 30 days after receipt of" the order granting or denying the application. N.J.S.A. 2A:23A-13(a). Accordingly, we affirm.

## I.

The following facts are taken from the documents filed before the Law Division and the Dispute Resolution Professional (DRP).[2] In 2009, a passenger in a vehicle insured by CURE sustained personal injuries in an accident. Defendant Northern NJ Orthopedic Specialists (Orthopedic) performed spinal surgery on the passenger in 2011. Orthopedic submitted a bill for $89,266 to CURE, which initially denied the claim.

Orthopedic made a demand for PIP arbitration to be conducted by Forthright Solutions (Forthright). Orthopedic claimed PIP benefits of $55,410.29. On April 8, 2013, the

---

[2] "Dispute Resolution Professional" is the title for the arbitrator used in the PIP arbitration statute, N.J.S.A. 39:6A-5.1, and the PIP arbitration regulations, N.J.A.C. 11:3-5.1 to -5.12. See, e.g., N.J.A.C. 11:3-5.2. In N.J.S.A. 2A:23A-13(a), the arbitrator is referred to as an "umpire." We use both terms to encompass the DRP here.

Forthright DRP granted Orthopedic $16,433.05, together with counsel fees, costs, and interest.

Orthopedic filed a summary action in the Law Division. The court entered a consent judgment vacating the award and remanding to Forthright, pursuant to N.J.S.A. 2A:23A-13(c)(5), so the DRP could consider certain evidence.

After a second hearing, the DRP awarded Orthopedic $31,939.99, plus additional counsel fees. The new award was sent to the parties by Forthright's letter dated March 31, 2014.

Thirty-five days later, on May 5, 2014, CURE made an application for "clarification/modification," asking Forthright for "clarification" of the award "pursuant to Forthright Rule 24(a)." Forthright Rule 24 is entitled "Modification/ Clarification of Award." Rule 24(a) provides that a party may submit a request to "clarify the Award." The rule further provides that: "[a]ny party may make the request by written application . . . received by Forthright within 35 days after the date of Forthright's letter sending the Award to the parties"; "[a]ll other parties may submit a response to the request . . . within 45 days after the date of Forthright's letter sending the Award to the parties"; and "[t]he DRP shall

issue an Order within 35 days of Forthright's submission [of the request and any responses] to the DRP."[3]

The DRP denied CURE's application for clarification, finding the issues were "sufficiently addressed."  Both the DRP's "Clarification Denied Order," and Forthright's letter sending it to the parties, were dated June 20, 2014.  Forty-five days later, on August 4, 2014, CURE filed in the Law Division a complaint and a request for an order to show cause, asking that the DRP's award be vacated under N.J.S.A. 2A:23A-13.

On September 11, 2014, Judge Thomas F. Brogan ruled that "N.J.S.A. 2A:23A-13(a) required [CURE] to file the Order to Show Cause and complaint within 30 days of the date [CURE] received the Modification/Clarification Denied Order instead of within 45 days of the date [CURE] received the Modification/Clarification Denied Order."  Because CURE filed beyond thirty days, the court dismissed CURE's filings with prejudice.  CURE filed an appeal to this court.

---

[3] Forthright, New Jersey No-Fault PIP Arbitration Rules, at 14-15 (eff. April 15, 2013), http://www.nj-no-fault.com/users/nj/resources/NJ%20PIP%20Arbitration%20Rules%20-%20Amended%20April%2015%20%202013.pdf.  Forthright Rule 25 also allows the parties to "appeal an Award or an Order granting dismissal to a panel of 3 designated DRPs." Id. at 15.  Because no such appeal was taken here, Forthright Rule 25 is not before us.

Orthopedic contends CURE is barred from appealing to this court by the Alternative Procedure for Dispute Resolution Act (APDRA), N.J.S.A. 2A:23A-1 to -19. Under the APDRA, a party to the arbitration may "commence a summary application in the Superior Court for its vacation, modification or correction." N.J.S.A. 2A:23A-13(a). "Upon the granting of an order confirming, modifying or correcting an award, a judgment or decree shall be entered by the [trial] court[.]" N.J.S.A. 2A:23A-18(b). N.J.S.A. 2A:23A-18(b) then provides: "There shall be no further appeal or review of the judgment or decree."

Our Supreme Court upheld N.J.S.A. 2A:23A-18(b) in Mt. Hope Dev. Assocs. v. Mt. Hope Waterpower Project, L.P., 154 N.J. 141, 148-52 (1998). The Court ruled that "the language of APDRA unmistakably informs parties that by utilizing its procedures they are waiving [their] right" to appeal beyond the trial court, and that such a waiver generally must be enforced. Id. at 148. However, the Court recognized there may be "'rare circumstances' grounded in public policy that might compel . . . limited appellate review." Id. at 152.

We have held that N.J.S.A. 2A:23A-18(b) "does not bar our review of . . . the judge's dismissal of the action on timeliness grounds." Liberty Mut. Ins. Co. v. Garden State

Surgical Ctr., L.L.C., 413 N.J. Super. 513, 517 (App. Div. 2010). Thus, we have the "authority to examine . . . the order dismissing the complaint as untimely." Id. at 521-24 (reversing the Law Division's dismissal "insofar as it was based on the time-bar contained in N.J.S.A. 2A:23A-13(a)").

Such review is particularly appropriate here because "[t]he unsettled questions of statutory interpretation" here have "yet to be resolved in a published opinion," and "[t]he repeat players in the PIP system — claimants, insurers, DRPs, lawyers, and trial judges — all can benefit from definitive precedential guidance." Kimba Med. Supply v. Allstate Ins. Co., 431 N.J. Super. 463, 482-83 (App. Div. 2013), certif. granted, 217 N.J. 286, certif. dism'd as improvidently granted, 223 N.J. 347 (2014). Accordingly, we address and resolve the statutory timeliness issues raised by CURE's appeal.

III.

Under the PIP arbitration statute, N.J.S.A. 39:6A-5.1, "'[d]isputes between an insurer and a claimant as to whether benefits are due under the PIP [arbitration] statute may be resolved, at the election of either party, by binding arbitration or by civil litigation.'" Kimba Med. Supply, supra, 431 N.J. Super. at 467 (citation omitted). "The Legislature has empowered the Commissioner of Banking and Insurance to designate

an organization to serve as an arbitration forum for such PIP disputes, where the parties have elected that procedure." <u>Id.</u> at 467-68 (citing <u>N.J.S.A.</u> 39:6A-5.1(b)); <u>see also</u> <u>N.J.A.C.</u> 11:3-5.3(a). "The organization that presently serves in that capacity is Forthright[.]" <u>Kimba Med. Supply</u>, <u>supra</u>, 431 <u>N.J. Super.</u> at 468.

"The Legislature has further authorized the Commissioner to adopt rules and regulations for the conduct of such PIP arbitration proceedings." <u>Ibid.</u> (citing <u>N.J.S.A.</u> 39:6A-5.1(b)). "The Commissioner has duly adopted such regulations, which are codified at <u>N.J.A.C.</u> 11:3-5.1 to -5.12." <u>Ibid.</u> "[T]he Commissioner has incorporated aspects of the APDRA to govern PIP arbitrations in the designated forum." <u>Ibid.</u> In particular, effective January 2013, <u>N.J.A.C.</u> 11:3-5.6(g) provides:

> The final determination of the dispute resolution professional shall be binding upon the parties, but subject to clarification/modification and/or appeal as provided by the rules of the dispute resolution organization, and/or vacation, modification or correction by the Superior Court in an action filed pursuant to <u>N.J.S.A.</u> 2A:23A-13 for review of the award.

<u>N.J.S.A.</u> 2A:23A-13(a), the key provision here, provides:

> <u>A party to an alternative resolution proceeding shall commence a summary application in the Superior Court for its vacation, modification or correction within 45 days after the award is delivered to the applicant, or within 30 days after receipt</u>

A-0945-14T2

> of an award modified pursuant to subsection d. of section 12 of this act,[4] unless the parties shall extend the time in writing. The award of the umpire shall become final unless the action is commenced as required by this subsection.
>
> [(emphasis and footnote added).]

Thus, under N.J.S.A. 2A:23A-13(a), "[a]fter the award is delivered by the umpire, the parties have forty-five days (thirty days if the award is modified) to commence a summary action in the Chancery Division of the Superior Court to vacate, correct, or modify the award." Mt. Hope Dev. Assocs., supra, 154 N.J. at 146.[5] However, CURE's appeal raises two unsettled issues in the statutory construction of N.J.S.A. 2A:23A-13(a).

First, N.J.S.A. 2A:23A-13(a) "does not reveal the amount of time a party has to challenge an award when an application to modify has been denied." Liberty Mut. Ins. Co., supra, 413 N.J. Super. at 523. Second, N.J.S.A. 2A:23A-13(a) does not reveal

---

[4] Subsection 12(d) provides that, "[o]n written application of a party to the umpire within 20 days after delivery of the award to the applicant, the umpire may modify the award upon the grounds stated in subsection e. of section 13 of this act." N.J.S.A. 2A:23A-12(d); see also N.J.S.A. 2A:23A-13(e).

[5] When Mount Hope was decided, N.J.S.A. 2A:23A-19 provided that such summary actions "shall be heard in the Chancery Division." L. 1987 c. 54, § 19. That requirement was later removed when N.J.S.A. 2A:23A-19 was amended to provide that such summary actions "shall be heard in accordance with any rules adopted by the New Jersey Supreme Court." L. 2005 c. 338 § 1. Pursuant to the Rules of Court, the parties here filed in the Law Division. See R. 4:3-1(a).

the amount of time a party has to challenge an award when the application to modify is made not pursuant to N.J.S.A. 2A:23A-12(d), but pursuant to the rules adopted by the organization.

"It is well settled that the goal of statutory interpretation is to ascertain and effectuate the Legislature's intent." Cashin v. Bello, 223 N.J. 328, 335 (2015). "'In most instances, the best indicator of that intent is the plain language chosen by the Legislature.'" Ibid. (citation omitted). We "must read words 'with[in] their context' and give them 'their generally accepted meaning.'" Ibid. (quoting N.J.S.A. 1:1-1). "Statutory language is to be interpreted 'in a common sense manner to accomplish the legislative purpose.'" State v. Olivero, 221 N.J. 632, 639 (2015) (quoting N.E.R.I. Corp. v. N.J. Highway Auth., 147 N.J. 223, 236 (1996)). "When a statute is ambiguous as written, however, a court may consider extrinsic sources, including 'legislative history, committee reports, and contemporaneous construction.'" Cashin, supra, 223 N.J. at 335-36.

"As with all issues of statutory construction, our review in this matter is de novo." Id. at 335. We must hew to that standard of review.

The first unsettled issue concerns the applicable time period under N.J.S.A. 2A:23A-13(a) after the denial of an application to modify an award under N.J.S.A. 2A:23A-12(d) (a "12(d) application"). N.J.S.A. 2A:23A-13(a) clearly addresses two scenarios. First, if no party files a 12(d) application, a party must file a summary action challenging the award "within 45 days after the award is delivered to the applicant." Ibid. Second, if a party files a 12(d) application, and the umpire issues a modified award, a party must file a summary action challenging the modified award "within 30 days after receipt of an award modified pursuant to [N.J.S.A. 2A:23A-12(d)]." Ibid. However, N.J.S.A. 2A:23A-13(a) does not address the third scenario where a party files a 12(d) application, and the umpire issues an order denying modification of the award.

CURE argues that N.J.S.A. 2A:23A-13(a) allowed it to file its summary action within forty-five days of its receipt of the DRP's Clarification Denied Order, but that order is not "the award." Ibid. Orthopedics argues that N.J.S.A. 2A:23A-13(a) required CURE to file its summary action within thirty days of its receipt of the Clarification Denied Order, but that order is

not "an award modified pursuant to [N.J.S.A. 2A:23A-12(d)]."

Ibid.[6]

We find N.J.S.A. 2A:23A-13(a) to be ambiguous regarding the time to commence a summary action in the third scenario where the umpire issues an order denying modification of the award. Unfortunately, the legislative history of N.J.S.A. 2A:23A-13 does not directly address that issue. "The Draftsman's Legislative History, reprinted at N.J.S.A. 2A:23A-13, specifically notes that subsection 13(a) of the APDRA was derived from N.J.S.A. 2A:24-7 to -8, N.Y.C.P.L.R. § 7511, and 7 U.L.A. § 12(b)" of the Uniform Arbitration Act (1956). Kimba Med. Supply, supra, 431 N.J. Super. at 485 n.11. However, those provisions shed no light on this issue.

---

[6] A third, alternative interpretation would require CURE to file its summary action within forty-five days of its receipt of the original award. That interpretation would require a party to commence a summary action in court even though a party's 12(d) application could still be pending before the umpire. A 12(d) application must be made "within 20 days after delivery of the award to the applicant"; "objection to modification must be served . . . within 10 days of receipt of the notice" of the application; and "[t]he umpire shall dispose of any application . . . within 30 days after either written objection to modification has been served or the time for serving an objection has expired, whichever is earlier." N.J.S.A. 2A:23A-12(d). We decline to interpret N.J.S.A. 2A:23A-13(a) to require simultaneous and possibly unnecessary court proceedings while the case is still before and may be resolved by the umpire. "A statute should be considered in light of its surrounding provisions," and "should not be construed in a way that would produce an absurd result." In re Expungement Petition of J.S., 223 N.J. 54, 72-73 (2015).

We find guidance from the general purpose of the APDRA, which emphasizes the need for expedition both in the dispute resolution process and in any judicial review. The APDRA emphasizes that it seeks "the expeditious resolution of the alternative resolution proceedings," N.J.S.A. 2A:23A-3(a), (b), and that judicial review of awards "shall be summary in nature and expedited," N.J.S.A. 2A:23A-19; see also N.J.S.A. 2A:23-13(b). Indeed, the Legislature directed that "[t]his act shall be liberally construed to effectuate its remedial purpose of allowing parties by agreement to have resolution of factual and legal issues in accordance with informal proceedings and limited judicial review in an expedited manner." N.J.S.A. 2A:23A-19.

Moreover, in enacting the APDRA, the Legislature repeatedly stressed that "[t]he purpose of this bill . . . is to establish an efficient and expeditious procedure for the resolution of civil disputes," and that the bill contemplated "expedited summary review to the Chancery Division of Superior Court." Sponsor's Statement Appended to Assemb. B. No. A296, at 12-13 (Jan. 14, 1986); Assemb. Judiciary Comm. Statement to Assemb. B. No. A296, at 1-2 (June 16, 1986); Senate Judiciary Comm. Statement to Assemb. B. No. A296, at 1-2 (Oct. 27, 1986); see also Draftsman's Legis. History, reprinted before N.J.S.A. 2A:23A-1. The Governor agreed that the APDRA was "intended to

provide a speedier and less expensive process for resolution of disputes," and that "reviews of umpire rulings by the Superior Court are to be expedited." Governor's Reconsideration and Recommendation Statement to Assemb. B. No. 296, at 1 (Jan. 7, 1987), reprinted at N.J.S.A. 2A:23A-1. See also Mt. Hope Dev. Assocs., supra, 154 N.J. at 145, 148.

We give great weight to the Legislature's emphasis on expediting such proceedings, and its instruction to construe the APDRA to effectuate its remedial purpose of proceeding "in an expedited manner." N.J.S.A. 2A:23A-19. That purpose is better served by construing N.J.S.A. 2A:23A-13(a) to require a party to file a summary action within thirty days of its receipt of an order denying its 12(d) application.

That construction also better fits the most plausible reasons why the Legislature may have chosen to require a party to file a summary action "within 45 days after the award is delivered to the applicant" if no party files a 12(d) application, while requiring a party to file a summary action "within 30 days after receipt of an award modified pursuant to [a 12(d) application]." N.J.S.A. 2A:23A-13(a). The Legislature thus mandated filing within the shorter period when a party has delayed the proceedings by filing a 12(d) application to modify the original award, and when a party thus has had a longer

period to become familiar with the original award's terms, some of which may remain in force in the modified award. Similarly, when a party files an unsuccessful 12(d) application, the party has delayed the proceedings, and has had a longer period to become familiar with the original award's terms, all of which remain in force. Such a party should similarly have to file any summary action within thirty days.

Accordingly, we hold that if a party files an application to modify under N.J.S.A. 2A:23A-12(d) which is denied, a party must file any summary action "within 30 days after receipt of" the order denying modification. See N.J.S.A. 2A:23A-13(a).

### B.

The second unsettled issue concerns the applicable time period under N.J.S.A. 2A:23A-13(a) where a party files an application for modification/clarification of a PIP award by the DRP under the rules of the organization, here Forthright.

A PIP dispute resolution organization must provide the Commissioner with "a dispute resolution plan, which shall include procedures and rules governing the dispute resolution process." N.J.S.A. 39:6A-5.1(b). The procedures and rules are intended "to ensure adherence to the standards of performance set forth in N.J.S.A. 39:6A-5.1 and 5.2 and [N.J.A.C. 11:3-5.1 to -5.12]." N.J.A.C. 11:3-5.3(d)(1). The organization must

14                                              A-0945-14T2

maintain, periodically review, and publish its rules, and must make them available to the parties, which must follow them during the proceedings. N.J.A.C. 11:3-5.4(a)(3), (a)(6), (b), (b)(5); see also N.J.A.C. 11:3-5.2. N.J.A.C. 11:3-5.6(g) provides that "[t]he final determination of the dispute resolution professional shall be . . . subject to clarification/ modification and/or appeal as provided by the rules of the dispute resolution organization[.]"

Here, Forthright's Rules have been repeatedly approved by the Commissioner.[7] Because Forthright Rule 24 allows a party to request modification or clarification of an award by the DRP, it serves a comparable purpose as N.J.S.A. 2A:23A-12(d) serves in APDRA proceedings. Thus, it is appropriate to apply the same construction of N.J.S.A. 2A:23A-13(a) to applications under Forthright Rule 24 as applied to 12(d) applications. Applying that construction serves the APDRA's interest in expedition discussed above.

That construction is also "consistent with the [PIP arbitration] statute's overall purpose to . . . expedite the decision of claims." N.J. Healthcare Coal. v. N.J. Dep't of Banking & Ins., 440 N.J. Super. 129, 144 (App. Div. 2015). "The

---

[7] See Forthright, New Jersey No-Fault, http://www.nj-no-fault.com (last visited April 22, 2016) (attaching the Commissioner's approvals).

A-0945-14T2

evident purpose of [N.J.S.A. 39:6A-5.1] is to establish an expeditious non-judicial procedure for resolving any dispute regarding the payment of PIP benefits, in furtherance of the No-Fault Act's objectives of facilitating 'prompt and efficient provision of benefits for all accident injury victims[.]'" Endo Surgi Ctr., P.C. v. Liberty Mut. Ins. Co., 391 N.J. Super. 588, 594 (App. Div. 2007) (quoting Gambino v. Royal Globe Ins. Cos., 86 N.J. 100, 105, 107 (1981)).[8]

Accordingly, we hold that the thirty-day deadline under N.J.S.A. 2A:23A-13(a) and N.J.A.C. 11:3-5.6(g) for filing a summary action in a PIP arbitration also applies when a party has filed an application for modification or clarification under the rules of the organization. Thus, if a party files an application under Forthright Rule 24, a party must file a summary action "within 30 days after receipt of an award

---

[8] Moreover, the alternative interpretation discussed in our earlier footnote is even more absurd in the context of PIP arbitration. As set forth above, the time periods for filing and resolving an application under Forthright Rule 24 are longer than those in N.J.S.A. 2A:23A-12(d). Thus, requiring a party to commence a summary action within forty-five days of its receipt of the original award would be even more likely to compel a party to commence a summary action while a party's application under Forthright Rule 24 was still pending before the DRP. "'A premature entanglement of the judiciary in PIP arbitrations would run at cross purposes with the legislative goal,'" and contravene the "strong public policy against judicial intervention in ongoing PIP arbitration proceedings." Allstate N.J. Ins. Co. v. Neurology Pain Assocs., 418 N.J. Super. 246, 261 (App. Div. 2011) (citations omitted).

A-0945-14T2

modified [or clarified] pursuant to" Forthright Rule 24, or receipt of the order denying clarification or modification. <u>See</u> <u>N.J.S.A.</u> 2A:23A-13(a).[9]

Here, CURE did not commence its summary action in the Law Division within thirty days after receipt of the DRP's order denying clarification. Rather, it filed its summary action forty-five days later. Thus, CURE's time to commence a summary action "had already expired and the DRP's decision had become final by the time it filed the present action." <u>Orthopaedic Assocs. v. Dep't of Banking & Ins.</u>, 405 <u>N.J. Super.</u> 54, 66 (App. Div. 2009). Therefore, the Law Division properly dismissed with prejudice CURE's complaint and request for an order to show cause. <u>See</u> <u>ibid.</u>

CURE argues that it acted in good faith in filing its summary action on the forty-fifth day after the denial of its modification/clarification application. However, CURE has offered no reason why it delayed filing until the last conceivable day, despite our earlier warning that <u>N.J.S.A.</u>

---

[9] This will generally give the party more time than a litigant receives under the Rules of Court, which merely toll the "[t]he running of the [forty-five-day] time for taking an appeal" during the pendency of a timely application for reconsideration; after the denial of the application, the litigant must file an appeal within "the remaining time." <u>R.</u> 2:4-3(b); <u>see also</u> <u>R.</u> 2:4-1. In any event, CURE concedes that "there is no such tolling" provision here, and "the outcome of this matter is dictated by <u>N.J.S.A.</u> 2A:23A-13(a)."

2A:23A-13(a) "does not reveal the amount of time a party has to challenge an award when an application to modify has been denied." Liberty Mut. Ins. Co., supra, 413 N.J. Super. at 523. In any event, N.J.S.A. 2A:23A-13(a) specifically provides that "[t]he award of the umpire shall become final unless the action is commenced as required by this subsection." That statutory language is clear, and we must follow it.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION