**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1669-15T3

CITIZENS UNITED
RECIPROCAL EXCHANGE,

    Plaintiff-Appellant,

v.

NORTHERN NJ ORTHO SPECIALISTS,

    Defendant-Respondent.

_____

        Argued June 1, 2017 - Decided June 23, 2017

        Before Judges Lihotz, Whipple and Mawla.

        On appeal from Superior Court of New Jersey,
        Law Division, Morris County, Docket No. L-
        1933-15.

        Eric S. Poe argued the cause for appellant
        (Mr. Poe, of counsel; Sonya Lopez Bright, on
        the brief).

        Judd B. Shaw argued the cause for respondent
        (Shaw Kreizer, P.A., attorneys; Mr. Shaw, on
        the brief).

PER CURIAM

    In this appeal, plaintiff Citizens United Reciprocal Exchange

(CURE), appeals from a Law Division order affirming an arbitration

award that compelled CURE to arbitrate a Personal Injury Protection

(PIP) billing dispute with defendant Northern New Jersey Ortho Specialists (Ortho). Defendant sought CURE's pre-certification approval for surgery upon its insured following an automobile accident. CURE denied the claim as not medically necessary, stating independent medical examinations concurred its insured reached maximum medical improvement. Notwithstanding this determination, defendant performed the surgery and filed a demand for payment, which CURE denied. Defendant initiated arbitration.

At the hearing, CURE submitted a report by a medical review organization (MRO), which concluded the surgery was not medically necessary. Defendant submitted its own expert medical report in rebuttal, which reached a contrary conclusion. Ultimately, the arbitrator concluded defendant rebutted CURE's claim the surgery was not medically necessary and entered an award for defendant. CURE requested clarification of the arbitrator's award, maintaining its MRO report was presumptively correct. After completing the arbitral review process, CURE filed to vacate the award with the Law Division, pursuant to N.J.S.A. 2A:23A-13(c). The judge rejected CURE's claims of legal error and in a written opinion concluded CURE failed to provide authority for its claim defendant was barred from submitting its own report to rebut CURE's MRO report. The judge declined to disturb the arbitrator's factual findings and re-weigh the submitted proofs, and confirmed the

arbitrator's decision was grounded in substantial evidence found in the record.

CURE now appeals from the November 2, 2015 order, asserting the Law Division erred in in its application of the law.

Although parties to an arbitration may appeal to the Law Division as matter of right, N.J.S.A. 2A:23A-13(a), judicial review of an arbitration award is limited. An arbitrator's decision is binding, subject to "vacation, modification or correction" by the Superior Court in limited instances. Ibid. First, the court must establish jurisdiction under N.J.S.A. 2A:23A-18.[1] Second, in matters where jurisdiction exists, an

---

[1] The appeal is from a proceeding conducted under the Alternative Procedure for Dispute Resolution Act [APDRA], N.J.S.A. 2A:23A-1 to -30. Although proceedings under APDRA are frequently referred to as "arbitrations," and are indeed similar in style and substance to arbitrations, APDRA is distinct from the Arbitration Act, N.J.S.A. 2A:23B-1 to -32.

> To be sure, there are differences between the Acts. The Arbitration Act does not require any particular procedures, mandate discovery, compel the maintenance of a record, command a statement by the arbitrator regarding his findings and conclusions, or an expression of the reasons why he reached the result that he did. See N.J.S.A. 2A:23B-1 to -32.
>
> The APDRA differs from the Arbitration Act in that it is designed to balance "streamlined procedures necessary for efficient repose" with "substantive safeguards necessary to protect public rights." John V. O'Hara, Note,

arbitration award may only be vacated if the rights of a party were prejudiced by:

> (1) Corruption, fraud or misconduct in procuring the award;
>
> (2) Partiality of an umpire appointed as a neutral;
>
> (3) In making the award, the umpire's exceeding their power or so imperfectly executing that power that a final and definite award was not made;
>
> (4) Failure to follow the procedures set forth in [this Act], unless the party applying to vacate the award continued with the proceeding with notice of the defect and without objection; or
>
> (5) The umpire's committing prejudicial error by erroneously applying law to the issues and facts presented for alternative resolution.

---

The New Jersey Alternative Procedure for Dispute Resolution Act: Vanguard of a "Better Way"?, 136 U. Pa. L. Rev. 1723, 1751 (1988). To that end, the APDRA includes procedures for factual development through discovery, N.J.S.A. 2A:23A-10, -11(e), the taking of expert witness testimony, N.J.S.A. 2A:23A-11(f), the submission by the arbitrator of a written opinion stating findings of fact and conclusions of law, N.J.S.A. 2A:23A-12(a), and requires that awards be in accordance with applicable legal principles, N.J.S.A. 2A:23A-12(e), -13(c)(5), -13(e)(4).

[Johnson v. Johnson, 204 N.J. 529, 546 (2010).]

> [Selective Ins. Co. of Am. v. Rothman, 414
> N.J. Super. 331, 341 (App. Div. 2010) (quoting
> N.J.S.A. 2A:23A-13).]

However, N.J.S.A. 2A:23A-18(b) makes clear, once the trial court, sitting as an appellate court, has issued an order "confirming, modifying or correcting" an arbitrator's decision, "[t]here shall be no further appeal or review of the judgment or decree." Ibid.

> Our Supreme Court upheld N.J.S.A. 2A:23A-18(b)
> in Mt. Hope Dev. Assocs. v. Mt. Hope
> Waterpower Project, L.P., 154 N.J. 141, 148-
> 52 (1998). The Court ruled that "the language
> of APDRA unmistakably informs parties that by
> utilizing its procedures they are waiving
> [their] right" to appeal beyond the trial
> court, and that such a waiver generally must
> be enforced. Id. at 148.
>
> [Citizens United Reciprocal Exch. v. N. N.J.
> Orthopedic Specialists, 445 N.J. Super. 371,
> 375-76 (App. Div. 2016).]

While there are exceptions to the bar set by N.J.S.A. 2A:23A-18(b), they are limited.

> While considering this section of the APDRA,
> the Supreme Court concluded that although
> appellate review is generally not available,
> there are exceptions. Mt. Hope[, supra,] 154
> N.J. [at] 152. One example identified by the
> Court is a child support order, ibid.; another
> example is an award of attorneys fees.
> Allstate Ins. Co. v. Sabato, 380 N.J. Super.
> 463, 472-76 (App. Div. 2005). But in the
> course of its opinion in Mt. Hope, supra, the
> Court also said that there may be other
> circumstances "where public policy would

require appellate court review." 154 <u>N.J.</u> at 152. In that regard, the Court gave as an example review necessary for it to carry out its "supervisory function over the courts." <u>Ibid.</u>

[<u>Morel v. State Farm Ins. Co.</u>, 396 <u>N.J. Super.</u> 472, 475-76 (App. Div. 2007).]

Absent a case "where public policy would require appellate court review," this court lacks jurisdiction to hear the appeal. <u>Id.</u> at 475.

[W]hen the trial judge adheres to the statutory grounds in reversing, modifying or correcting an arbitration award, we have no jurisdiction to tamper with the judge's decision or do anything other than recognize that the judge has acted within his jurisdiction. Accordingly, we review the decision of the trial judge here for the limited purpose of determining whether he exceeded the authority granted to him by APDRA.

[<u>N.J. Citizens Underwriting Reciprocal Exch. v. Kieran Collins, D.C., LLC</u>, 399 <u>N.J. Super.</u> 40, 48 (App. Div.), <u>certif. denied</u>, 196 <u>N.J.</u> 344 (2008).]

"Any broader view of appellate jurisdiction would conflict with the Legislature's expressed desire in enacting APDRA to eliminate appellate review in these matters." <u>Fort Lee Surgery Ctr., Inc. v. Proformance Ins. Co.</u>, 412 <u>N.J. Super.</u> 99, 104 (App. Div. 2010). Only where it is apparent the trial court committed "glaring errors" should this court review the merits of such an

appeal. Riverside Chiropractic Grp. v. Mercury Ins. Co., 404 N.J. Super. 228, 240 (App. Div. 2008).

CURE asserts the Law Division confirmed an erroneous arbitration award by misapplying the law, which is a significant public policy concern requiring this court's intervention. CURE argues "[a]ppellate review is appropriate because the [t]rial [c]ourt failed to properly apply the standards as established by N.J.S.A. 39:6A-5.1 when considering the rebuttable presumption and the submission of additional documentation following the issuance of the MRO report and further failed to follow the mandate of N.J.A.C. 11:3-29.4(e)(1) . . . ." We reject this argument as unfounded.

CURE is a New Jersey based auto insurer. As such, it is required to provide PIP benefits under its policies.

> The No-Fault Act, N.J.S.A. 39:6A-1 to -35, mandates that automobile liability insurance policies provide PIP coverage, including payment of "reasonable medical expenses," N.J.S.A. 39:6A-4(a).
>
> [Cobo v. Market Transition Facility, 293 N.J. Super. 374, 384 (App. Div. 1996).]

Disputes regarding the appropriateness and amount of PIP coverage is determined in "dispute resolution." N.J.S.A. 39:6A-5.1(a); see Citizens United Reciprocal Exch., supra, 445 N.J. Super. at 376-77 (stating disputes between health care providers

and insurers over billing disputes covered by PIP insurance provisions are typically settled through arbitration). Regulations establish health care providers are entitled to reimbursement from PIP insurers of no more than the "usual, customary and reasonable" fee for services rendered. N.J.A.C. 11:3-29.4.

Other statutory subsections provide the mechanics for assuring a fair and independent review process, including the use of MROs. N.J.S.A. 39:6A-5.1(d). Specifically, N.J.S.A. 39:6A-5.1(d) states "[t]he determination of the medical review organization on the dispute referred shall be presumed to be correct by the dispute resolution professional, which presumption may be rebutted by a preponderance of the evidence." Ibid.

CURE asserts defendant's submittal of an opinion addressing the medical necessity of the surgery performed was insufficient to rebut the presumptively correct MRO determination provided. Not only is this a factual challenge to the sufficiency of the evidence, it also ignores the arbitrator's and the Law Division judge's detailed findings regarding the deficits of CURE's MRO determination and why the medical evidence rebutted the presumption of correctness to prove the need for surgery. As the judge's opinion makes clear, the arbitrator did more than "determine which was more persuasive," the MRO or rebuttal report.

This issue is not one presenting a significant public policy question warranting our review. <u>Morel</u>, <u>supra</u>, 396 <u>N.J. Super.</u> at 475-76. Neither is the amount to be reimbursed. Accordingly, the appeal is dismissed. <u>N.J.S.A.</u> 2A:23A-18(b).

Dismissed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION