NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2393-16T2

PERSONAL SERVICE
INSURANCE COMPANY,

    Plaintiff-Appellant,

v.

RELIEVUS a/s/o
RACHEL SACKIE,

    Defendant-Respondent.

_____

| APPROVED FOR PUBLICATION |
| :---: |
| August 3, 2018 |
| APPELLATE DIVISION |

Argued March 20, 2018 — Decided August 3, 2018

Before Judges Fisher, Sumners and Moynihan.

On appeal from Superior Court of New Jersey, Law Division, Camden County, Docket No. L-3544-16.

Michael R. Eatroff argued the cause for appellant (Methfessel & Werbel, attorneys; Michael R. Eatroff, of counsel and on the brief).

Bruce A. Wallace argued the cause for respondent (Law Office of Bruce A. Wallace, LLC; Bruce A. Wallace, on the brief).

The opinion of the court was delivered by

SUMNERS, J.A.D.

The question presented is whether a Law Division summary action seeking to vacate an award by a dispute resolution professional (DRP) as well as an appeal award of a three-member

DRP panel, which affirmed the DRP's decision, was timely made within the forty-five-day time frame under N.J.S.A. 2A:23A-13(a), when it was filed 159 days after the DRP's award, but forty-three days after the DRP panel's award. The trial court dismissed the summary action as untimely; finding it was not filed within forty-five days after the DRP's award. We reverse and remand because we conclude that, under the governing statutory and regulatory guidelines, the summary action was timely filed within forty-five days of the DRP panel's decision.

Since our decision turns on the timeliness of the application, and not its merits, we need not dwell on the parties' underlying dispute. Suffice it to say, Personal Service Insurance Company (PSIC) terminated personal injury protection (PIP) benefits to its insured, Rachel Sackie, on the basis that she did not attend an independent medical exam. She then assigned her rights to her medical provider, Relievus, to seek payment of her PIP benefits on her behalf. Relievus filed a demand for arbitration with Forthright[1] and received a favorable DRP award on April 29, 2016.

Rather than initially pursuing its rights under N.J.S.A. 2A:23A-13(d)(1) and N.J.A.C. 11:3-5.6(f) to file a summary action

---

[1] Forthright is the dispute resolution organization appointed by the New Jersey Department of Banking and Insurance to administer PIP benefits disputes. See N.J.S.A. 39:6A-5.1(b).

A-2393-16T2

with the court to vacate the DRP's award, PSIC filed an internal appeal before a three-member DRP panel in accordance with Forthright's procedures. The DRP panel rejected PSIC's appeal and confirmed the DRP award. Forty-three days later, and 159 days after the DRP award, PSIC sought summary action to vacate the awards of both the DRP and DRP panel by filing a verified complaint and order to show cause; contending the decisions violated the laws governing PIP benefits.

The trial court dismissed PSIC's summary action and upheld the DRP's award; determining that under N.J.S.A. 2A:23A-13(a), the action was untimely because it was not filed within forty-five days of the April 29 DRP award. The court reasoned that because the forty-five-day time limit commenced when the DRP rendered his decision, PSIC should not have waited after its unsuccessful appeal to the DRP panel to file for summary action. The court stated:

> . . . before the Superior Court matter was filed, [PSIC] went to the [DRP] [p]anel within Forthright. And, that was really [its] choice . . . . [It] could have come to [the] Superior Court and had that determination made in regards to that or . . . appeal. I do not find that [it has] the opportunity to [pursue] the appeal and then, when [it did not] like the appeal, come to Superior Court.

The court furthered remarked, PSIC "does not get two opportunities [to] appeal." The court denied PSIC's reconsideration motion; determining that PSIC did not establish the decision was based on

a palpably incorrect or irrational basis, or fail to consider probative, competent evidence.[2]

PSIC now appeals arguing that we have jurisdiction to decide that its application to vacate the DRP panel's award was timely under N.J.S.A. 2A:23A-13(a). If we decide that it acted timely, PSIC contends we should not remand but take original jurisdiction and vacate the DRP award on the merits. Should we reverse and remand, PSIC argues another court should decide the matter because the deciding court is biased against its claim.

Initially, we address the parties' arguments regarding our jurisdiction to resolve this appeal. In doing so, we briefly discuss the law governing resolution of PIP benefits disagreements.

Disputes between an insurer and a claimant over PIP benefits "may be resolved, at the election of either party, by binding arbitration or by civil litigation." Riverside Chiropractic Grp. v. Mercury Ins. Co., 404 N.J. Super. 228, 235 (App. Div. 2008). In accordance with our PIP statutes, guidelines have been adopted

---

[2] PSIC notes that its request for oral argument was denied. However, under Rule 1:6-2, the trial court has the discretion to dispense with oral argument on substantive issues where the record provides all that is necessary to make a decision on the issue presented. See Raspantini v. Arocho, 364 N.J. Super. 528, 531-32 (App. Div. 2003). Such was the case here.

regarding the conduct of PIP arbitration.  In that vein, N.J.S.A. 2A:23A-13(a), the key statute here, provides in pertinent part:

> A party to an alternative resolution proceeding shall commence a summary application in the Superior Court for its vacation, modification or correction within 45 days after the award is delivered to the applicant, . . . unless the parties shall extend the time in writing. The award of the umpire shall become final unless the action is commenced as required by this subsection.

The key regulation involved in this matter, N.J.A.C. 11:3-5.6(g) provides:

> The final determination of the dispute resolution professional shall be binding upon the parties, but subject to clarification/modification and/or appeal as provided by the rules of the dispute resolution organization, and/or vacation, modification or correction by the Superior Court in an action filed pursuant to N.J.S.A. 2A:23A-13 for review of the award.
>
> [(Emphasis added.)]

To avoid delay in resolving disputes, N.J.S.A. 2A:23A-18(b), requires that after a trial court's review of the decision, "[t]here shall be no further appeal or review of the judgment or decree."  Nonetheless, our "case law has clarified that our appellate courts retain the discretion to exercise supervisory authority over such trial court rulings for reasons of public policy." Kimba Med. Supply v. Allstate Ins. Co., 431 N.J. Super. 463, 470 (App. Div. 2013).  Thus, "N.J.S.A. 2A:23A-18(b) 'does not

bar our review of . . . the judge's dismissal of the action on timeliness grounds[,]'" and "we have the 'authority to examine . . . the order dismissing the complaint as untimely.'" Citizens United Reciprocal Exch. v. N. NJ Orthopedic Specialists, 445 N.J. Super. 371, 376 (App. Div. 2016) (first and third alteration in original). Accordingly, we will determine whether the court erred in dismissing PSIC's action on the basis that it was untimely under N.J.S.A. 2A:23A-13(a) and N.J.A.C. 11:3-5.6(g).

In determining the timeliness of PSIC's summary action, we acknowledge that even though disputes resolved by a DRP are binding under N.J.S.A. 39:6A-5.1(c), "both the Commissioner [of Banking and Insurance]'s own regulations and case law allow for a limited right of review of the DRP's rulings in the Superior Court, following internal review procedures that may be available within the arbitral forum itself." Kimba Med. Supply, 431 N.J. Super. at 468 (emphasis added) (holding that "a trial court possesses the inherent authority to refer certain PIP arbitration cases back to the DRP or alternative dispute resolution forum, in instances where additional fact-finding or other decision-making on unresolved material issues is necessary").

In challenging the DRP award, PSIC followed Forthright's internal appeal process that allowed it to appeal to a DRP panel. After exhausting that process, the insurer filed its summary action

under N.J.S.A. 2A:23A-13(a) to vacate the awards of both the DRP and the DRP panel. In essence, PSIC argues that the statute's forty-five-day period to file its action to vacate the DRP award was tolled when it took advantage of the internal appeal process. We agree with Relievus that there is no specific language in N.J.S.A. 2A:23A-13(a) that provides for such tolling. Yet, on the other hand, PSIC also appeals — and did so within the forty-five-day period — the DRP panel's award. So to say the appeal of the DRP was untimely, while the appeal of the DRP panel was timely, allows for an incongruous result.

Since we are required to interpret a statute and regulation governing PIP disputes, "[a]s with all issues of statutory construction, our review in this matter is de novo." Cashin v. Bello, 223 N.J. 328, 335 (2015). We therefore look to our Supreme Court, which summarized the canons of statutory and regulation[3] construction as follows:

> In construing any statute, we must give words "their ordinary meaning and significance," recognizing that generally the statutory language is "the best indicator of [the Legislature's] intent." DiProspero v. Penn, 183 N.J. 477, 492 (2005) (citations omitted); see also N.J.S.A. 1:1-1 (stating that customarily "words and phrases shall be read and construed with their context, and shall

---

[3] "We interpret a regulation in the same manner that we would interpret a statute." US Bank, N.A. v. Hough, 210 N.J. 187, 199 (2012).

A-2393-16T2

. . . be given their generally accepted meaning"). Each statutory provision must be viewed not in isolation but "in relation to other constituent parts so that a sensible meaning may be given to the whole of the legislative scheme." <u>Wilson ex rel. Manzano v. City of Jersey City</u>, 209 N.J. 558, 572 (2012) (citing <u>Kimmelman v. Henkels & McCoy, Inc.</u>, 108 N.J. 123, 129 (1987)). We will not presume that the Legislature intended a result different from what is indicated by the plain language or add a qualification to a statute that the Legislature chose to omit. <u>DiProspero</u>, 183 N.J. at 493.

On the other hand, if a plain reading of the statutory language is ambiguous, suggesting "more than one plausible interpretation," or leads to an absurd result, then we may look to extrinsic evidence, such as legislative history, committee reports, and contemporaneous construction in search of the Legislature's intent. <u>Id.</u> at 492-93 (citing <u>Cherry Hill Manor Assocs. v. Faugno</u>, 182 N.J. 64, 75 (2004); <u>Hubbard ex rel. Hubbard v. Reed</u>, 168 N.J. 387, 392-93 (2001)).

[<u>Tumpson v. Farina</u>, 218 N.J. 450, 467-68 (2014) (alterations in original).]

From N.J.S.A. 2A:23A-13(a) and N.J.A.C. 11:3-5.6(g), we glean that the intent of Legislature and the Commissioner is to allow for resolution of PIP benefits disputes outside of the courts, and if dissatisfied with the result, under limited circumstances, relief can be sought from the courts. In fact, the language of N.J.A.C. 11:3-5.6(g) suggests an insurer or claimant can challenge a DRP award by appealing under "the rules of the dispute resolution

8

organization, <u>and/or</u> vacation, modification or correction by the Superior Court in . . . [a summary] action" under N.J.S.A. 2A:23A-13(a) (emphasis added). We do not envision, as the trial court did without analyzing the relevant law, that the application of these laws gives an insurer or claimant a second opportunity to appeal that is inconsistent with the intent of these laws. Neither the statute nor regulation provide that a party to a PIP benefits dispute must choose between an internal appeal process or filing a summary action to challenge a DRP award. Absent a directive to the contrary, it makes sense that either party can pursue the internal appeals process under Forthright's rules, and retain the right thereafter to seek summary relief in our courts. A different ruling might encourage a party to file a summary action within forty-five days of a DRP award and request a stay of that action while simultaneously pursuing an internal appeal before a DRP panel. Under such a scenario, we see no value to the dispute resolution tribunal or the courts.

In sum, we do not see that the intent behind N.J.S.A. 2A:23A-13(a) and N.J.A.C. 11:3-5.6(g) is to close the door to our courts when PSIC filed its summary action after it was rebuffed in Forthright's internal appeal process.

Accordingly, we remand and, being mindful of our limited role in the appeal of dispute resolution awards, we decline to exercise

original jurisdiction and leave the details of the merits analysis to the court. However, because the manner in which the court expressed its opinion regarding PSIC's ability to seek summary action to vacate the DRP award suggests a predisposition against the insurer's position, we are constrained to remand to a different court to determine the merits on remand.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION