**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5061-18T3

GEICO,

    Plaintiff-Appellant,

v.

PLAZA INSURANCE COMPANY,

    Defendant-Respondent.

_____

PLAZA INSURANCE COMPANY,

    Plaintiff-Respondent,

v.

GEICO,

    Defendant-Appellant.

_____

        Argued telephonically March 23, 2020 –
        Decided July 30, 2020

        Before Judges Rothstadt and Mitterhoff.

On appeal from the Superior Court of New Jersey, Law Division, Passaic County, Docket Nos. L-1206-19 and L-1586-19.

William Hahn argued the cause for appellant (Tango, Dickinson, Lorenzo, McDermott & McGee, LLP, attorneys; William Hahn, on the briefs).

L. Patrick Dacey argued the cause for respondent (Bolan Jahnsen Dacey, attorneys; L. Patrick Dacey, on the brief).

PER CURIAM

In this matter arising from the entry of a personal injury protection (PIP) arbitration award in favor of Geico, Geico appeals from the June 19, 2019 order that denied its request for entry of judgment against Plaza Insurance Company (Plaza) in the amount of the arbitration award. The trial judge denied Geico's request, reasoning that entry of the award violated N.J.S.A. 39:6A-9.1(b), which provides, "Any recovery by an insurer . . . shall be subject to any claim against the insured tortfeasor's insurer by the injured party and shall be paid only after satisfaction of that claim, up to the limits of the insured tortfeasor's motor vehicle or other liability insurance policy." We agree that the statute precluded entry of judgment in Geico's favor in the amount of the arbitration award, as that amount substantially exceeded the value of the Plaza policy after satisfying the settlements in the underlying personal injury actions. We affirm but remand for

a determination of whether Geico is entitled to the balance, if any, of the Plaza policy.

The facts are undisputed. On October 2, 2015, a multi-vehicle collision occurred on Interstate 80 in Paterson. Geico's insured, Antonio Del-Rosario, "brak[ed] for the cars spinning out of control and . . . was hit from behind by a truck" driven by an employee of TFB Trucking LLC (TFB). Geico provided Del-Rosario with PIP benefits for various bodily injuries. Plaza insured TFB's vehicle, and the policy had liability limits of $1,000,000.

On July 31, 2017, Del-Rosario commenced a personal injury action against various drivers involved in the collision, including TFB and its employee. Thereafter, Maximino Vargas, a passenger also involved in the collision, commenced a similar action against various drivers.

On September 19, 2017, Geico filed a complaint against Plaza, TFB, and TFB's employee, seeking recovery for PIP payments made to Del-Rosario and demanding arbitration, pursuant to N.J.S.A. 39:6A-9.1. Plaza, through John Gilmore of Corporate Claims Service, Plaza's claims administrator, consented to resolving the matter through Arbitration Forums, Inc. (AF). Geico filed a notice of dismissal of its September 19 complaint and filed its claim with AF.

A-5061-18T3

AF's PIP arbitration agreement provided that "[n]o company shall be required, without its written consent, to arbitrate any claim or suit if . . . any payment which such signatory company may be required to make . . . is or may be in excess of its policy limits." The agreement further provided that "arbitration lacks jurisdiction when an award will exceed a member's policy limits." If an award is entered nevertheless, the responding company may raise a policy limits defense by filing an inquiry on AF's website within sixty days of publication of the decision. The filing company has "the option to accept the policy limits as final settlement and forego recovery of the claim against the insured directly or have the decision voided to pursue alternative means of full recovery." In addition to the terms stated in the arbitration agreement, the arbitration case summary indicated the parties agreed to be governed by the New Jersey Arbitration Act (Arbitration Act), N.J.S.A. 2A:23B-1 to -32.

The arbitration was initially scheduled for December 18, 2017, but at Plaza's request, through Gilmore, it was deferred to November 2018 due to the pendency of the personal injury actions. The arbitration eventually occurred

telephonically on November 26, 2018, but only counsel for Geico appeared.[1]  On November 30, 2018, the arbitrator awarded Geico $205,418.72.

On December 17, 2018, Plaza, through Avery, filed a post-decision inquiry with AF, requesting that the case be deferred, as the personal injury actions still had not been resolved.  Avery explained that the initial deferment had not been renewed before the November 2018 arbitration because the prior claims handler no longer represented Plaza, and "the renewal was apparently missed due to clerical error."  On January 30, 2019, AF responded:

> [T]here is no appeal process under the PIP Forum.  This docket came out of deferment.  No additional deferment was requested by either party so the case went to hearing.  If the member wanted another deferment it should have been requested prior to the materials due date.  This issue cannot be addressed post hearing. . . .
>
> Unfortunately, the issue you raised does not constitute a clerical or jurisdictional error. . . .
>
> Based on the information in your letter and the Arbitration Rules, AF cannot overturn or change the decision.  It must remain final and binding.

---

[1]  Gilmore ended his employment with Corporate Claims Service in July 2018, and his position was filled by Jerry Avery, who certified he had no notice that the arbitration was scheduled for November 2018.

A-5061-18T3

On February 25, 2019, the personal injury actions were settled through mediation. The Del-Rosario matter settled for $1,336,500, with the Plaza insureds agreeing to pay $967,500.[2]

On April 16, 2019, Geico filed a verified complaint and order to show cause, seeking entry of judgment against Plaza after it failed to pay the arbitration award. On May 20, 2019, Plaza also filed a verified complaint and order to show cause, seeking an order vacating the arbitration award.[3]

On June 4, 2019, Judge Ernest M. Caposela heard oral argument on Geico's order to show cause, and on June 19, 2019, the judge issued a written order and statement of reasons, declining to enter judgment against Plaza. Relying on N.J.S.A. 39:6A-9.1(b), the judge determined that "[t]he arbitrator exceeded her power" by entering an award against Plaza while the underlying personal injury actions were pending. The judge added, "Even if not raised after the first deferment, the arbitrator had the obligation to inquire whether the

---

[2] Del-Rosario received $32,383.56 from Plaza before mediation to satisfy a property damage claim. After subtracting the amount owed Del-Rosario pursuant to the settlement, only $116.44 of the $1,000,000 Plaza policy remained.

[3] These matters were consolidated under the Geico v. Plaza Insurance Co. docket number prior to appeal.

underlying matters were still pending."  Because the arbitrator misapplied the statute, the award was invalid.  This appeal ensued.

On appeal, Geico argues that Plaza did not timely file its summary action to vacate the arbitration award, but even if it had, there was no basis to vacate the award under either N.J.S.A. 2A:23B-23(a) or AF's PIP arbitration rules.

Because the decision to vacate an arbitration award is a matter of law, we review this matter de novo.  Manger v. Manger, 417 N.J. Super. 370, 376 (App. Div. 2010).

First, we address whether Plaza timely filed a summary action to vacate the arbitration award entered in favor of Geico.  Under the Arbitration Act, a party to an arbitration proceeding may file a summary action with the court to vacate an arbitration award, and the court shall vacate such award if the aggrieved party demonstrates one of the following:

> (1) the award was procured by corruption, fraud, or other undue means;
>
> (2) the court finds evident partiality by an arbitrator; corruption by an arbitrator; or misconduct by an arbitrator prejudicing the rights of a party to the arbitration proceeding;
>
> (3) an arbitrator refused to postpone the hearing upon showing of sufficient cause for postponement, refused to consider evidence material to the controversy, or otherwise conducted the hearing contrary to section

[fifteen] of this act, so as to substantially prejudice the rights of a party to the arbitration proceeding;

(4) an arbitrator exceeded the arbitrator's powers;

(5) there was no agreement to arbitrate, unless the person participated in the arbitration proceeding without raising the objection pursuant to subsection c. of section [fifteen] of this act not later than the beginning of the arbitration hearing; or

(6) the arbitration was conducted without proper notice of the initiation of an arbitration as required in section [nine] of this act so as to substantially prejudice the rights of a party to the arbitration proceeding.

[N.J.S.A. 2A:23B-23(a) (footnotes omitted).]

The summary action "shall be filed within 120 days after the aggrieved party receives notice of the award pursuant to section 19 of this act or within 120 days after the aggrieved party receives notice of a modified or corrected award pursuant to section 20 of this act." N.J.S.A. 2A:23B-23(b) (footnote omitted).

The Arbitration Act does not address the scenario where an aggrieved party files an application for vacation of an award and the arbitrator issues a notice denying the request. However, we addressed a similar issue arising under the New Jersey Alternative Procedure for Dispute Resolution Act (APDRA), N.J.S.A. 2A:23A-1 to -30, in Citizens United Reciprocal Exchange v. Northern

NJ Orthopedic Specialists, 445 N.J. Super. 371 (App. Div. 2016).  The relevant

statute under the APDRA reads,

> A party to an alternative resolution proceeding shall commence a summary application in the Superior Court for its vacation, modification or correction within [forty-five] days after the award is delivered to the applicant, or within [thirty] days after receipt of an award modified pursuant to subsection d. of section [twelve] of this act[.]
>
> [N.J.S.A. 2A:23A-13(a).]

Finding this statute "to be ambiguous regarding the time to commence a

summary action . . . where the umpire issues an order denying modification of

the award," we considered the general purpose of the APDRA and held that

where a request for modification is denied, the aggrieved party "must file any

summary action 'within [thirty] days after receipt of' the order denying

modification." Citizens United, 445 N.J. Super. at 379-81.  We further held that

where a modification is sought under a rule of the arbitration organization rather

than under the APDRA, if the rule "serves a comparable purpose as N.J.S.A.

2A:23A–12(d) serves in APDRA proceedings," the same deadlines for filing a

summary action apply.  Id. at 382-83.

In light of our discussion in Citizens United, we conclude that N.J.S.A.

2A:23B-23(b) is ambiguous as to the time for filing a summary action after an

9

arbitrator issues an order denying a request to vacate an award. Plaza argues we should construe this statute in the same manner we construed the similar APDRA provision in <u>Citizens United</u>. We agree, as we perceive no reason to employ a different analysis. We reject Geico's argument to the contrary, which relies on the fact that the arbitration in <u>Citizens United</u> was governed by rules and regulations adopted by the Commissioner of Banking and Insurance. This distinction is inconsequential, given that the Commissioner explicitly incorporated APDRA provisions into those regulations.

Therefore, we conclude that under the Arbitration Act, when an arbitrator denies a party's request to vacate an award, a summary action may be timely filed within 120 days after receiving notification of denial of the request. Further, we see no reason to apply different timing requirements when filing a summary action under the rules of an arbitration organization rather than under the Arbitration Act, provided the rules serve a comparable purpose. Here, AF's provisions governing review for clerical and jurisdictional errors serve a purpose comparable to the Arbitration Act's provisions for vacation or modification of an award. <u>See</u> N.J.S.A. 2A:23B-24(a); N.J.S.A. 2A:23B-23(a)(4).

Applying the 120 day period to the present matter, we conclude that Plaza timely filed its summary action. Plaza first filed a post-decision inquiry with

10

AF, asserting a jurisdictional error and arguing that N.J.S.A. 39:6A-9.1(b) precluded Geico from recovering from Plaza, as the underlying personal injury actions had not yet been resolved. AF's own reference guide includes a rule providing that "arbitration lacks jurisdiction when an award will exceed a member's policy limits." AF responded to this inquiry and declined to vacate the award on January 30, 2019. Accordingly, Plaza's May 20, 2019 complaint and order to show cause were timely, as they were filed within 120 days of the notice rejecting the request to vacate the award.

We now consider whether there was a basis to reject Geico's request to enter judgment against Plaza. N.J.S.A. 39:6A-9.1 governs the recovery of PIP benefits from a commercial vehicle's insurer and provides,

> In the case of an accident occurring in this State involving an insured tortfeasor, the determination as to whether an insurer . . . is legally entitled to recover the amount of payments and the amount of recovery . . . shall be made against the insurer of the tortfeasor, and shall be by agreement of the involved parties or, upon failing to agree, by arbitration. Any recovery by an insurer . . . pursuant to this subsection shall be subject to any claim against the insured tortfeasor's insurer by the injured party and shall be paid only after satisfaction of that claim, up to the limits of the insured tortfeasor's motor vehicle or other liability insurance policy.
>
> [N.J.S.A. 39:6A-9.1(b).]

Nevertheless, relying on <u>Selective Insurance Co. v. National Continental Insurance Co.</u>, 385 N.J. Super. 62 (App. Div. 2006), Geico contends that Plaza is still required to pay the amount of the arbitration award because Plaza, not the arbitrator, was responsible for seeking a deferment to postpone the arbitration. In <u>Selective Insurance</u>, we addressed a similar issue and held that the defendant insurer was liable to the PIP carrier for the amount of the arbitration award in excess of policy limits because "the record evidence[d] a complete failure on the part of [the defendant insurer] to defend itself by taking the proper steps to confine its liability to the limits of its policy." <u>Id.</u> at 71-72.

While we acknowledge the similarities between <u>Selective Insurance</u> and the present matter, we decline to adopt the same analysis, as a different version of N.J.S.A. 39:6A-9.1 applied in that matter. A 2011 amendment to N.J.S.A. 39:6A-9.1, effective since January 28, 2011, added the following provision: "Any recovery by an insurer . . . shall be subject to any claim against the insured tortfeasor's insurer by the injured party and <u>shall be paid only after satisfaction of that claim</u>, up to the limits of the insured tortfeasor's motor vehicle or other liability insurance policy." <u>L.</u> 2011, <u>c.</u> 11, § 1 (emphasis added). Our Supreme Court explained that this "amendment altered the reimbursement scheme established by the pre-amendment statute . . . . making a PIP carrier's

reimbursement contingent on full satisfaction of the insured's claims." Johnson v. Roselle EZ Quick LLC, 226 N.J. 370, 391 (2016).

Given the Court's reasoning and the addition to the statute expressly limiting the amount of a PIP carrier's recovery, we decline to hold Plaza liable to Geico for an amount exceeding the $1,000,000 policy. To decide otherwise would be in derogation of N.J.S.A. 39:6A-9.1(b). Although we do not wish to dissuade insurers from filing a timely deferment where appropriate and permissible, the record suggests that Plaza's failure to file the deferment was inadvertent and that it took steps after entry of the arbitration award to defend itself by timely filing a post-decision inquiry and summary action. Further, Geico is not unjustly prejudiced by this decision because if Plaza had filed a second deferment, Geico in any event would have been entitled to only the balance of the Plaza policy after the personal injury claims were settled. This decision also does not unjustly benefit Plaza, as it has the effect of requiring Plaza to pay out the entire policy. Most importantly, to hold otherwise would encourage PIP carriers to subrogate against a commercial tortfeasor's insurer before an injured party's claim was settled and risk depletion of the policy to the detriment of innocent injured parties, the very evil the 2011 amendment to N.J.S.A. 39:6A-9.1(b) was designed to eliminate.

A-5061-18T3

Accordingly, we affirm the denial of Geico's request to enter judgment against Plaza in the amount of $205,418.72. We remand for a determination of whether there remains a balance in the Plaza policy, and if so, whether Geico is entitled to such balance.

To the extent we have not addressed the parties' remaining arguments, we conclude they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed and remanded for further proceedings consistent with our opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5061-18T3